In the Matter of the Petition for the Revocation of the last. Will and Testament of WILLIAM WATSON, JR., Deceased.

*Court of Appeals, February 12, 1892.*

1. *Wills. Revocation of probate.*—Where the proceeding to procure the revocation of the probate of a will is carried on, in the surrogate's court, from their commencement as for the reproving of the will, neither the surrogate nor the general term can pass upon anything except as to the legal execution of the will and whether its probate should stand.
2. *Same.* Questions as to the validity of the decree admitting the will to probate, are not proper in a subsequent proceeding to obtain a revocation of the probate, where all interested parties were duly in court upon the former proceeding.
3. *Appeal. Finding.*—The decision of the surrogate upon conflicting evidence, affirmed by the general term, concludes the court of appeals.

Appeal from judgment of the supreme court, general term, second department, denying motion for revocation of probate based upon allegations of incapacity, fraud and undue influence.

*E. Countryman,* for appellant.

*Cornelius E. Kene,* for respondent.

PER CURIAM.—This was a proceeding to obtain a revocation of the probate of the will of William Watson, deceased, and was instituted by the petition of certain of his next of kin. They set up the incompetency of the testator and undue influence exerted in procuring the execution of his will; that the will was not properly executed and that it was not sufficiently proved. They prayed that the decree admitting the will to probate should be set aside as irregular, for the

vacation of letters testamentary and for the revocation of the probate. When the proceedings came on for a hearing before the surrogate, they were carried on from their commencement as for the reproving of the will. The proponents gave evidence bearing upon the execution of the will. The contestants then introduced evidence to show such mental and bodily infirmities and the existence of such habits of life and of influences as, in their view, tended to establish the incompetency of the testator to make a valid will, and that the one proposed did not express his testamentary purpose. The proponents introduced evidence to rebut any such inferences and at the conclusion of the hearing the surrogate decided in favor of the proponents, dismissing the application for revocation of the previous probate and confirming it by a decree. No question arose as to the construction of the will and the proceeding was confined by the petition and by the proofs, upon the hearing, to a contest over the validity of the instrument propounded as the last will of the deceased.

Nor did the requests by the contestants for findings refer to any construction of the will. Although the surrogate in his brief opinion and decree made no reference to a construction of the will, yet at the general term the learned justices in their opinion, after reviewing the proofs and agreeing with the surrogate, proceeded to consider the question of whether the testator's will had executed a power of appointment, conferred by the will of testator's father.

Upon this proceeding no question as to the legal construction of the provisions of the testator's will arose, or could be properly passed upon by the surrogate, or by the general term. There was nothing for these tribunals to pass upon except as to the legal execution of the will, and whether its probate should stand. Its construction was not involved.

As to the question of whether the will was legally executed by a testator possessing proper mental capacity and not unduly influenced, we are concluded by the decision. The

evidence upon which the surrogate decided was conflicting and we cannot say that there was wanting sufficient and competent evidence to support the conclusion at which he arrived. He was affirmed, upon an appeal to the general term by the contestants, and there the question was set at rest.

Certain questions are raised as to the validity of the first decree admitting the will to probate. The appellants say that the original probate petition failed to describe the will, as required by § 2614 of the Code, and that the two decrees upon that probate proceeding were void; the first, because it did not determine the construction of the will, though an issue had been raised by the answer of a party; and the second, which did give a construction to the will, because it was rendered without any due adjournment of the previous proceedings.

It is sufficient in answer to say that these appellants and all persons interested were duly in court upon the previous probate proceedings and their remedy, with respect to such objections, was either through a proper application to the surrogate in that proceeding, or by an appeal from his decree. Such objections are not properly in the present proceeding. Upon such a proceeding as this the statutory duty of the surrogate is performed by the rendition of a decree which either revokes the probate, or confirms it. See Art. II, title III, chapter 18, of the Code of Civil Procedure.

For the reasons here assigned the order and judgment of the general term should be affirmed, with costs.

All concur, except MAYNARD, J., taking no part.

---

NOTE.

See further on revocation of probate, Matter of Phalen, 51 Hun, 208; Matter of Liddington, 51 Id. 638; Matter of Watson, 60 Id. 579; Matter of Walther, 26 N. Y. St. Rep. 427.